**United States District Court**
For the Northern District of California

1
2
3
4
5
6                            IN THE UNITED STATES DISTRICT COURT
7
8                            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   SAM DONTE GRAY,                                No. C 08-2259 WHA (PR)
11              Petitioner,                          **ORDER TO SHOW CAUSE**
12      v.
13   J. L. WALKER, Warden,
14              Respondent.
                 _____/
15
16        Petitioner, a California prisoner currently incarcerated at New Folsom State Prison, has
17   filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the
18   filing fee.  Venue is proper because the conviction was obtained in Alameda County, which is
19   in this district.  *See* 28 U.S.C. § 2241(d).
20                                    **STATEMENT**
21        A jury convicted petitioner of second degree murder with use of a firearm.  He was
22   sentenced to a prison term of forty years to life.  His conviction was affirmed on direct appeal
23   by the California Court of Appeal, and the California Supreme Court denied review.  Petitioner
24   also filed a state habeas petition in the California Supreme Court.  It was denied.
25                                    **DISCUSSION**
26   *A.  Standard of Review*
27        This court may entertain a petition for writ of habeas corpus "in behalf of a person in
28   custody pursuant to the judgment of a State court only on the ground that he is in custody in

**United States District Court**
For the Northern District of California

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

*B. Legal Claims*

As grounds for federal habeas relief, petitioner asserts that: (1) his rights to confrontation, due process, and effective assistance of counsel were violated by the prosecutor's withholding exculpatory evidence from the defense; (2) the prosecutor committed misconduct by vouching for a witness; (3) the prosecutor committed misconduct in closing argument; and (4) the cumulative effect of errors rendered the trial unfair and thus violated due process.

Petitioner does not state a federal constitutional claim in issue four. While a number of constitutional errors which are not prejudicial in themselves can cumulate to constitute *prejudice*, errors which are not of constructional dimension cannot be cumulated to amount to overall constitutional *error. See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002) (where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation). Issue four will be dismissed. The other issues are sufficient to require a response.

**CONCLUSION**

1. Petitioner's application for leave to proceed in forma pauperis (document number 2 on the docket) is **DENIED** as moot because he has paid the filing fee.

1    2.  Claim four is **DISMISSED** as not presenting a cognizable basis for habeas relief.

2    3.  The clerk shall mail a copy of this order and the petition with all attachments to the

3    respondent and the respondent's attorney, the Attorney General of the State of California.

4    4.  Respondent shall file with the court and serve on petitioner, within sixty days of

5    service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

6    Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

7    Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

8    trial record that have been transcribed previously and that are relevant to a determination of the

9    issues presented by the petition.

10    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

11    court and serving it on respondent within thirty days of service of the answer.

12    5.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,

13    as set forth in Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a

14    motion, petitioner shall file with the court and serve on respondent an opposition or statement of

15    non-opposition within thirty days of receipt of the motion, and respondent shall file with the

16    court and serve on petitioner a reply within 15 days of receipt of any opposition.  If a motion is

17    filed it will be ruled upon without oral argument, unless otherwise ordered.

18    6.  Petitioner is reminded that all communications with the court must be served on

19    respondent by mailing a copy of the document to respondent's counsel.  Papers intended to be

20    filed in this case should be addressed to the clerk rather than to the undersigned.  Petitioner also

21    must keep the court informed of any change of address by filing a separate paper with the clerk

22    headed "Notice of Change of Address," and must comply with any orders of the court within

23    the time allowed or ask for an extension of that time.  Failure to do so may result in the

24    dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure

25    41(b).

26    **IT IS SO ORDERED.**

27

28    Dated: June ___3___, 2007.

WILLIAM ALSUP

3

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\GRAY2259.OSC.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


SAM DONTE GRAY,

              Plaintiff,

   v.

J L WALKER et al,

              Defendant.

_____/

Case Number: CV08-02259 WHA

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Sam Gray
V-59334/ FC-6-206
Sacramento State Prison
PO Box 290066
Represa, CA 95671

Attorney General's Office
455 Golden Gate Ave
San Francisco, CA 94102

Dated: June 3, 2008

Richard W. Wieking, Clerk
By: D. Toland, Deputy Clerk