

SAM DONTE GRAY, V-59334
P.O. BOX 290066, FC6/206
REPRESA, CALIF. 95671-0066



PETITIONER IN PROPRIA PERSONA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAM DONTE GRAY,                    )
                                   )    **Case No. C 08-2259 WHA (PR)**
          PETITIONER,              )
                                   )    NOTICE AND MOTION FOR STAY AND
                                   )    ABEYANCE / LEAVE TO AMEND;
     V.                            )    MEMORANDUM OF POINTS AND
                                   )    AUTHORITIES IN SUPPORT
J. L. WALKER (WARDEN),             )    THEREOF
                                   )
          RESPONDENT.              )
                                   )
_____   )

### INTRODUCTION

Comes now, SAM DONTE GRAY (hereinafter petitioner), a state prisoner who appears before this court unrepresented by counsel (Pro Per), and moves pursuant to the instant NOTICE AND MOTION for STAY-AND-ABEYANCE / LEAVE-TO-AMEND his previously filed Petition For Writ of Habeas Corpus allowing him to return to state court and properly exhaust claim(s) raised in the aforementioned federal habeas petition now pending before this court.

This motion of predicated upon the instant Notice and forthcoming memorandum of points and authorities.

Dated: July 2, 2008.

/S/ _____
        SAM DONTE GRAY, IN PRO PER.

-1-

MEMORANDUM OF POINTS AND AUTHORITIES

**A.** PROCEDURAL HISTORY (FEDERAL HABEAS PETITION):

Petitioner, after exhausting his constitutional claims in state court (under representation of state-appointed counsel), filed a timely federal habeas petition here in this court raising those claims which he thought to be fully exhausted on direct appeal in state court.

On June 3, 2008, the district court issued an Order 1.) granting petitioner's application to proceed in forma pauperis; 2.) DISMISSING claim four as not presenting a cognizable basis for habeas relief; and 3.) Ordering Respondent to file an answer to petitioner's petition within sixty days, or file a motion to dismiss in lieu of an answer if petitioner's habeas petition is demonstrated to be untimely. (See Order, June 3, 08.)   Respondent has not yet (as of this date) filed an Answer nor motion to dismiss.

**B.** NATURE OF PETITIONER'S REQUEST FOR STAY AND ABEYANCE:

Petitioner, who is a layman at law, filed a "Pro Per" federal habeas petition comprised of the four (4) claim of constitutional dimension of which he thought were fully exhausted and formed the basis for relief. However, in the courts June 3rd, 08 Order, petitioner discovered for the first time that Ground or Claim Four in his habeas petition does not rise to the level of "constitutional" error and/or is not cognizable.     Further, through his discussions with other persons more knowledgeable in law than himself, petitioner learned that his ineffective assistance of trial counsel claim may not be properly exhausted, in that, the "jailhouse lawyer" who prepared that state habeas petition raising the ineffective assistance of counsel claim use very "inartful" language in his description of the facts supporting petitioner's claim that his trial counsel was "ineffective."   As a matter of fact, examining the Ground or Claim number one of the federal petition in

-2-

question, it would be rather difficult to discern that this particular claim centers on his trial counsel's failure to object to critical portions of Sgt. Robert Nolan's testimony at trial.

Because petitioner was in fact faced with a looming AEDPA deadline and in addition to that operated under prison lock-down conditions throughout his efforts to research and prepare his federal habeas petition as clearly evidenced by the eleventh-hour filing date of his habeas petition in this court, he (petitioner) and/or those who briefly assisted him with said filing did not discover or make note of the deficiencies in petitioner's federal habeas petition for each of those reasons here stated.

C. RULES GOVERNING BOTH 28 U.S.C. PROCEEDINGS AND STAY AND ABEYANCE:

The rules governing §2254 proceedings require federal courts to give state courts an initial opportunity to correct alleged violations of state prisoner's federal constitutional rights. (Citations Omitted.) Thus, it is the petitioner who carries the burden of demonstrating that he has in fact fully exhausted available state court remedies. (See e.g., Brown v. Cuyler, 667 F.2d 155, 161 (3rd Cir. 1982)). Failure to exhaust each claim before filing a federal habeas petition will be deemed a "mixed" petition, and a mixed petition, that is, one with both exhausted and unexhausted claims, must be dismissed. (Rose v. Lundy, 455 U.S. 509, 522 (1982)).

To satisfy the exhaustion requirements, petitioner must fairly present each of his federal claims to the states highest court. (Picard v. Connor, 404 U.S. 270, 276-278 (1971): Duncan v. Henry, 513 U.S. 364, 365 (1995); and Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986)). Pursuant to Fed. Rules of Civ. Procedure, Rule 15(c), the district court has authority to grant a request for STAY-AND-ABEYANCE / LEAVE-TO-AMEND in 28 U.S.C. §2254 proceedings. (Rhines v. Weber, No 03-9046, slip op. at p.7-8 (U.S. Mar. 30, 2005)). Under Rhines, the appropriate inquiry is: whether good cause exists

-3-

for granting the motion and, the court should ensure that the motion for STAY AND ABEYANCE is not made simply to vex, harass, or delay execution of finality. (Ibid.)

As demonstrated herein, good cause exists for seeking STAY AND ABEYANCE / LEAVE TO AMEND. Indeed, following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA), petitiner has but this single opportunity to raise his constitutional claims here in federal court. Knowing that his AEDPA deadline was approaching, petitioner acted diligently by seeking out the assistance of "jailhouse lawyers" whose advise (in hindsight) is questionable, nevertheless added petitioner to file a timely state habeas petition regarding the ineffective assistance of counsel claim now at issue; as well as ensuring that petitioner's federal habeas petition was timely filed. Moreover, petitioner's claims (the subjects of the instant Stay And Abeyance Motion) are not plainly meritless and therefore, under Rhines, supra, his requested Stay – while he returns to state court and properly exhaust – should be granted. (Ibid.)

D. THE DISTRICT COURT HAS CLEAR AUTHORITY TO GRANT THIS MOTION:

It is well established that district courts have "Broad Authority" under F.R.C.P., Rule 15(c), to grant both a Stay and Leave to Amend a habeas petition. Accordingly, under Rule 15(c), Leave shall be freely given when justice so requires. (See Fed. Rule Civ. Proc. 15(a)). Additionally, the precedents establishing the district courts authority to grant such Leave to exhaust newly minted claims in state court rests upon the "relation back" doctrine announced under Fed. Rules Civ. Procedure, Rule 15(c)(2); holding that: "newly minted claims must arise from the same transaction (petitioner's trail proceedings) and timely filed constitutional claims on direct appeal. (Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000); also Felix v. Mayle, 379 F.3d 612, 621 (9th Cir. 2004)). As set forth above, the

-4-

reason(s) petitioner's seeks STAY AND ABEYANCE / LEAVE TO AMEND is directly related to his jury trial and appellate proceedings in state court, thus, granting this motion would in fact be well within statutory meanings of Rule 15(a), and 15(c)(2).

Still, the specific issue of whether a district court may Stay a habeas petition (once amended) while petitioner returns back to state court to exhaust additional constitutional claims is addressed, at length, in Calderon v. District Court (Thomas), 144 F.3d 618 (9th Cir. 1998); and Staffold v. Newland, 244 F.2d 1087 (9th Cir. 2000)).

Further, absent cause for equitable tolling under AEDPA, petitioner's unexhausted claims, for which he seeks STAY AND ABEYANCE, would no doubt be time barred should this court deny his instant motion and force him to proceed on only those claims address in this courts June 3rd, 08 Orded. While district courts are not obligated to warn Pro Per litigants of the "trap" that's created with regards to a looming AEDPA deadline and petitioner's few options on "mixed" petitions (McKaskle v. Wiggins, 465 U.S. 168, 183-184 (1984); also Pliler v. Ford, 124 S.Ct. 2441 (2004); and Crews v. Horn, 360 F.3d 146, 154 fn.5 (2004)) here, in the case at bench, the district court simply dismissed petitioner's ground or claim four and proceeded with his remaining claims without any mention of petitioner's possible options to properly exhaust ground four back in state court. (Dist. Ct. Order June 3rd, 08.)

Further, there is some 56 plus years of U.S. Supreme Court and Circuit Court Precedents establishing that courts hold "Broad Authority" to Stay [any] proceedings validly before them. (Citations Omitted.)     Numerous Circuit Court also recognize the authority of district courts to hold (after amended) fully exhausted petitions in abeyance pending exhaustion of additional claims. (See e.g., Burris v. Farly, 51 F.3d 655 (7th Cir.

1995)(holding on the point that district courts can and should stay a habeas proceeding once a fully exhausted petition is filed); see also Scott v. Dugger, 891 F.2d 800, 802 (11th Cir. 1989); and Bliss v. Lockhart, 891 F.2d 1335, 1339 (8th Cir. 1989); Johnson v. Texas, 878 F.2d 904, 906 (5th Cir. 1989)). The Scott court, supra, held that: "without application of stay and abeyance, Scott and others are exposed to a grave risk and "trap", of which, the U.S. Supreme Court stated federal courts should take care in helping habeas petitioner's to avoid." (Slack v. McDonald, 120 S.Ct. 1595, 1606 (2000); Duncan v. Walker, 533 U.S. 167, 181-182 (2001); and Calderon v. United States (Taylor) 134 F.3d 981, 998 (1998)).

**E.** DISTRICT COURTS HAVE "BROAD AUTHORITY" TO CONTROL ITS DOCKETS:

Finally, district courts have "Broad Authority" to Stay Proceedings as an instrument of its powers to control its own docket. (Clinton v. Jones, 520 U.S. 681, 683 (1997); Lindis v. North American Co., 299 U.S. at p.255; United States v. United States Gypsum Co., 340 U.S. 76, 81 (1950)). This authority is inherent in every court so long as it retains control of the subject matter and parties before it. (Arkadelpha Co. v. St. Louis South Western Ry. Co., 299 U.S. 134, 146 (1919)). The authority to Stay Proceedings is appropriately used to control the progress of the case so as to maintain the orderly process of justice. (Enelow v. New York Life Ins. Co., 293 U.S. 379, 381 (1935)).

## CONCLUSION

For each of the foregoing reasons, this court should grant petitioner's requested STAY AND ABEYANCE allowing him to return to state court and properly exhaust the aforementioned claims.

Dated: July 2, 2008.

/S/ _____
SAM DONTE GRAY, IN/PRO PER.

-6-

1

2

3

4

5

**ORIGINAL**
**FILED**

JUN    **3** 2008

**RICHARD W. WIEKING**
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6

IN THE UNITED STATES DISTRICT COURT

7

8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  SAM DONTE GRAY,                                    No. C 08-2259 WHA (PR)

11                Petitioner,                          **ORDER TO SHOW CAUSE**

12        v.

13  J. L. WALKER, Warden,

14                Respondent.

15  _____/

16        Petitioner, a California prisoner currently incarcerated at New Folsom State Prison, has

17  filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the

18  filing fee. Venue is proper because the conviction was obtained in Alameda County, which is

19  in this district. *See* 28 U.S.C. § 2241(d).

20                                        **STATEMENT**

21        A jury convicted petitioner of second degree murder with use of a firearm. He was

22  sentenced to a prison term of forty years to life. His conviction was affirmed on direct appeal

23  by the California Court of Appeal, and the California Supreme Court denied review. Petitioner

24  also filed a state habeas petition in the California Supreme Court. It was denied.

25                                        **DISCUSSION**

26  *A. Standard of Review*

27        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

28  custody pursuant to the judgment of a State court only on the ground that he is in custody in

*United States District Court*
For the Northern District of California

1 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose*

2 *v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

3 requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ

4 of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

5 court must "specify all the grounds for relief which are available to the petitioner ... and shall

6 set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of

7 the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not

8 sufficient, for the petition is expected to state facts that point to a 'real possibility of

9 constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

10 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient

11 are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d

12 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

13 *B. Legal Claims*

14 As grounds for federal habeas relief, petitioner asserts that: (1) his rights to

15 confrontation, due process, and effective assistance of counsel were violated by the prosecutor's

16 withholding exculpatory evidence from the defense; (2) the prosecutor committed misconduct

17 by vouching for a witness; (3) the prosecutor committed misconduct in closing argument; and

18 (4) the cumulative effect of errors rendered the trial unfair and thus violated due process.

19 Petitioner does not state a federal constitutional claim in issue four. While a number of

20 constitutional errors which are not prejudicial in themselves can cumulate to constitute

21 *prejudice*, errors which are not of constructional dimension cannot be cumulated to amount to

22 overall constitutional *error*. *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002)

23 (where there is no single constitutional error existing, nothing can accumulate to the level of a

24 constitutional violation). Issue four will be dismissed. The other issues are sufficient to

25 require a response.

26 **CONCLUSION**

27 1. Petitioner's application for leave to proceed in forma pauperis (document number 2

28 on the docket) is **DENIED** as moot because he has paid the filing fee.

2

1        2. Claim four is **DISMISSED** as not presenting a cognizable basis for habeas relief.

2        3. The clerk shall mail a copy of this order and the petition with all attachments to the

3  respondent and the respondent's attorney, the Attorney General of the State of California.

4        4. Respondent shall file with the court and serve on petitioner, within sixty days of

5  service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

6  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

7  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

8  trial record that have been transcribed previously and that are relevant to a determination of the

9  issues presented by the petition.

10       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

11  court and serving it on respondent within thirty days of service of the answer.

12       5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,

13  as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a

14  motion, petitioner shall file with the court and serve on respondent an opposition or statement of

15  non-opposition within thirty days of receipt of the motion, and respondent shall file with the

16  court and serve on petitioner a reply within 15 days of receipt of any opposition. If a motion is

17  filed it will be ruled upon without oral argument, unless otherwise ordered.

18       6. Petitioner is reminded that all communications with the court must be served on

19  respondent by mailing a copy of the document to respondent's counsel. Papers intended to be

20  filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also

21  must keep the court informed of any change of address by filing a separate paper with the clerk

22  headed "Notice of Change of Address," and must comply with any orders of the court within

23  the time allowed or ask for an extension of that time. Failure to do so may result in the

24  dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure

25  41(b).

26       **IT IS SO ORDERED.**

27

28  Dated: June __3__, 2007.

                                    WILLIAM ALSUP

**United States District Court**
For the Northern District of California

3

1

UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\GRAY2259.OSC.wpd

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

4

## UNITED STATES DISTRICT COURT

### FOR THE

### NORTHERN DISTRICT OF CALIFORNIA

SAM DONTE GRAY,

Plaintiff,

v.

J L WALKER et al,

Defendant.

Case Number: CV08-02259 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sam Gray
V-59334/ FC-6-206
Sacramento State Prison
PO Box 290066
Represa, CA 95671

Attorney General's Office
455 Golden Gate Ave
San Francisco, CA 94102

Dated: June 3, 2008

Richard W. Wieking, Clerk
By: D. Toland, Deputy Clerk

# PROOF OF SERVICE

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, __Sam Cbray__, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

__Sam Cbray V-59334 C-6200__
__P.O.Box 290066__
__REPRESA CA 95671__

On, __7/7/08__, I served the following documents:

__NOTICE AND MOTION FOR STAY and ABEYANCE/LEAVE TO__
__AMEND; MEMORANDUM of POINTS and AUTHORITITES IN SUPPORT__
__Thereof__

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. __Office of the Attorney General__    2. __Northern District of CA,__
   __455 Golden Gate Ave, Suite 11000__    __450 Golden Gate Ave, Box 36060__
   __SanFrancisco CA 94105-2239__    __Sanfrancisco Ca, 94102__

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this ___7___ day of __July__, __2008__, at California State Prison - Sacramento, Represa, California.

(Signature) ___Sam Cbray___

Paul Bready-593384 C-6-206
P.O. Box 290066
REPRESA CA, 05671

United States District Court for
Northern District of California
450 Golden Gate Ave. Box36060
San Francisco CA, 04102



07/08/08   N. Gonzals