IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAM DONTE GRAY,

    Petitioner,

v.

J. L. WALKER, Warden,

    Respondent.
                                    /

No. C 08-2259 WHA (PR)

**ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ADMINISTRATIVELY CLOSING CASE**

       This is a habeas case filed pro se by a state prisoner. Petitioner moves for a stay of proceedings to allow him to exhaust one of his claims in state court.

       The United States Supreme Court has held that district courts have authority to stay mixed petitions to allow exhaustion. *Rhines v. Webber*, 125 S.Ct. 1528, 1535 (2005). Such stays can, however, only be granted upon a showing of good cause for petitioner's failure to exhaust the issues before filing the federal petition, and a showing that the issues which the petitioner proposes to exhaust are "potentially meritorious." *Id.*

       As to good cause, petitioner contends that he was limited in access to the law library because of lockdowns at the prison and that the jailhouse lawyers who were assisting him often were not skillful. He also alleges that he would be time-barred if he were to exhaust and then attempt to raise the unexhausted claim. The Supreme Court has recognized that this situation with regard to exhaustion constitutes good cause for a stay. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a

'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."). And the claims petitioner wishes to exhaust involve cognizable federal claims, so are "potentially meritorious." The motion for a stay (document number 6 on the docket) is **GRANTED**. This case is **STAYED** to allow petitioner to present his unexhausted issues in state court, presumably by way of state petitions for habeas corpus. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted.

The stay is subject to the following conditions:

(1) petitioner must institute state court habeas proceedings within thirty days of this order; and

(2) petitioner must notify this court within thirty days after the state courts have completed their review of his claims or after they have refused review of his claims.

If either condition of the stay is not satisfied, this court may vacate the stay and act on this petition. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

Petitioner's motion for an extension of time (document number 14) is **DENIED** as moot.

The clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by petitioner in accordance with section (2) above.

**IT IS SO ORDERED.**

Dated: March    23   , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\GRAY2259.STAY-grant.wpd

2